## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JERRICA MAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 16-1091-JWL |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) evaluation of Dr. Riesenmy's opinion and that the error in finding Ms. Willard is not an acceptable medical source is harmless, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.    Background

Plaintiff applied for DIB, alleging disability beginning October 16, 2012. (R. 14, 171). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the ALJ erred in evaluating

the opinions of her treating psychiatrist, Dr. Riesenmy, and her treating Licensed Clinical

Psychotherapist (LCP),[1] Ms. Willard.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he

findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual

findings are supported by substantial evidence in the record and whether he applied the

correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord,

White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than

a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S.

389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804

(10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that

of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not

---

[1]Plaintiff calls Ms. Willard a Licensed Clinical Psychologist (Pl. Br. 16), but Ms.
Willard is licensed in the state of Kansas, and Kansas assigns the denomination of LCP to
a Licensed Clinical Psychotherapist.  Kan. Stat. Ann. 74-5362(b) (2012).

2

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds only harmless error in the decision at issue.

## II.    Discussion

Plaintiff recognizes that the ALJ discounted both Dr. Riesenmy's opinion and Ms. Willard's opinion for the same reasons except that he additionally found that "[a]s a licensed clinical psychotherapist, Ms. Willard is not an acceptable medical source."  (R. 23).  She acknowledges that the ALJ stated he discounted the opinions of these treating healthcare providers because they did not mention similar limitations in their treatment notes, the opinions were inconsistent with objective testing, the opinions were inconsistent with the conservative treatment provided, and the opinions were provided on standardized check-box forms.  (Pl. Br. 16)[2] (citing R. 23).  But, she misses that the ALJ also found that the opinions were not supported by "reasoning which would indicate why the claimant's functioning need be so restricted."  (R. 23).  Thus, the ALJ provided five

---

[2]Plaintiff's counsel has once again failed to number the pages in her brief.  The court has used the numbers provided by the software it uses to open the .pdf document filed in its CM/ECF system.  In the future, counsel shall include page numbers printed on each page of her briefs.

reasons for discounting each opinion, beyond his assertion that Ms Willard is not an acceptable medical source.

Plaintiff argues that an "ALJ is not permitted to categorically reject checkbox forms" and that a treating source is not required to mention limitations in treatment notes. (Pl. Br. 17). Plaintiff is correct in both assertions, but misses the point of the ALJ's findings. While an ALJ is not allowed to categorically reject an opinion presented on a checkbox form, that is not what happened here. The ALJ here stated that the opinions were on standardized checkbox forms as one of five reasons for discounting the opinions. Moreover, as the ALJ explained in his decision, the opinions here were presented on standardized check-box forms, and the only things contained on either form were checks in boxes showing the healthcare provider's opinion regarding certain mental functional abilities, the signature blocks of the providers, and the date. (R. 330-31, 850-51) Neither provider wrote or attached an explanation or other support for his or her opinion. And, while a treating source is not required to mention functional limitations in treatment notes, when, as here, limitations are not mentioned in treatment notes, and are not explained in the written opinions, the ALJ has no way to understand the bases for the stated limitations, and no means to relate the opined limitations to the findings, if any, in the treatment notes.

Next, Plaintiff does not attempt to show that her treatment was not conservative as the ALJ asserts. Rather, she notes the ALJ's explanation that Plaintiff's conservative treatment has been effective:

> the claimant has not received escalating treatment modalities for her mental impairments, such as group therapy, psychiatric care, temporary holds, recurrent emergency room visits for psychological symptoms, inpatient hospitalizations, or relinquishment of guardianship rights to alleviate the claimant's alleged symptoms, all of which suggests the claimant's symptoms are not as severe as alleged or that the conservative treatment has been relatively effective at controlling her symptoms.

(R. 22).  Plaintiff argues that no medical sources suggested such treatment was required, and that the ALJ was merely speculating that such treatment was needed.  (Pl. Brief. 18-19).  Plaintiff again misses the point.  The ALJ did not suggest that such treatment was necessary in this case.  Rather, he suggests that because such treatment was <u>not</u> needed, the conservative treatment which was given was effective and suggests that the medical providers' opinions are not worthy of greater weight.  Plaintiff points to hospitalizations in November 2011 and February 2014, and suggests that the ALJ was incorrect to find that her treatment was conservative, but as the Commissioner points out, Plaintiff alleges disability beginning on October 16, 2012, and her date last insured for DIB was June 30, 2013.  Therefore, during the relevant period, as the ALJ found, Plaintiff's treatment, consisting merely of medication management and therapy, was conservative.

Finally, Plaintiff argues that "the ALJ was incorrect that objective evidence did not support either opinion," because "signs" are objective evidence, and the opinions were based at least in part upon the treatment providers' observation of clinical signs.  (Pl. Brief 19).  But, the ALJ did not find the opinions unsupported by objective <u>evidence</u>, he found that the opinions "are not supported by objective <u>testing</u>."  (R. 23).  Plaintiff points

to no psychological or other objective test which was administered by either provider or which was relied upon by that provider in formulating his or her opinion.

Plaintiff is correct that Ms. Willard is a Licensed Clinical Psychotherapist in the state of Kansas and this court has previously determined that a Licensed Clinical Psychotherapist is an acceptable medical source within the meaning of the Social Security regulations. Gage v. Colvin, Civ. A. No. 14-1238-JWL, 2015 WL 3504431, *5 (D. Kan. June 3, 2015). Therefore, there can be no doubt that the ALJ erred in finding that Ms. Willard is not an acceptable medical source. Nevertheless, as the court found above Plaintiff has shown no error in the ALJ's decision to discount Dr. Riesenmy's treating source opinion. Moreover, the ALJ relied upon the same reasons to discount Ms. Willard's opinion, and Plaintiff has shown no error in that regard either. Therefore, remand in this case because of the ALJ's error in finding that Ms. Willard is not an acceptable medical source would serve no useful purpose. The Tenth Circuit has held that where there is substantial evidence to sustain the ALJ's decision despite an error, the error is harmless, and the court will not remand merely for a ministerial correction. Wilson v. Sullivan, No. 90-5061, 1991 WL 35284, *2 (10th Cir. Feb. 28, 1991).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 18th day of January 2017, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**